JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**Priority** ____
**Send** ____
**Enter** ____
**Closed** ____
**JS-5/JS-6** ____
**Scan Only** ____

**CASE NO.:** **CV 15-01361 SJO-KK** **DATE:** **September 23, 2015**

**TITLE:** **Caitlin Buehler v. Saddle Creek Corp.**

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**

Not Present

**COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [Docket No. 18]

This matter is before the Court on Plaintiff Caitlin Buehler's ("Plaintiff") Motion to Remand ("Motion") filed on August 21, 2015. Defendant Saddle Creek Corporation ("Defendant" or "Saddle Creek") opposed the Motion ("Opposition") on August 31, 2015. Plaintiff replied ("Reply") on September 4, 2015. The Court found the matter suitable for disposition without oral argument and vacated the hearing set for hearing on September 21, 2015. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** the Motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action on May 28, 2015 in Superior Court for the County of San Bernadino. Plaintiff's Complaint contains ten causes of action for (1) violation of California Labor Code §§ 510 and 1198 (unpaid overtime); (2) violation of California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums; (3) violation of California Labor Code 226.7 (unpaid rest period premiums; (4) violation of California Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages); violation of California Labor Code §§ 201 and 202 (final wages not timely paid); (6) violation of California Labor Code §§ 204 (wages not timely paid during employment); (7) violation of California Labor Code § 226(a) (non-compliant wage statements); (8) violation of California Labor Code § 1174(d) (failure to keep requisite payroll records); (9) violation of California Labor Code §§ 2800 and 2802 (indemnification for employee's expenses); and (10) violation of California Business & Professions Code §§ 17200, et seq. (*See generally* Notice of Removal, Ex. 2 ("Complaint"), ECF No. 1-2.) Plaintiff seeks to certify the following class:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendant[] within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgement. (Compl. ¶ 13.)

On July 8, 2015, Defendant filed a Notice of Removal. (Notice of Removal ("Notice"), ECF No. 1.) On August 5, 2015, the parties filed a Joint Stipulation to Stay the Case pending completion of a

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.: CV 15-01361 SJO-KK** **DATE: September 23, 2015**

private mediation, (Joint Stipulation, ECF No. 15), which was denied (Order re Stipulation, ECF No. 16.) Plaintiff now seeks to remand the case on the basis that Defendant's Notice was defective because it fails to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

II. DISCUSSION

A. Legal Standard for Proper Removal

Under CAFA, the district courts shall have original jurisdiction over a class action if the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). "As the Supreme Court has held, a removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014)). When "a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 135 S.Ct. at 554.

"[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id*. "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* However, this does not require a plaintiff to submit proof in order to prevail on a motion to remand when a defendant has not met its initial burden. *See, e.g., Townsend v. Brinderson Corp.*, CV 14-5320 FMO, 2015 WL 3970172, at *3,(C.D. Cal. June 30, 2015).

B. Amount in Controversy

"In determining the amount in controversy, courts first look to the complaint." *Ibarra*, 775 F.3d at 1197. "Generally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)) (internal quotation marks omitted). "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds [$5,000,000] when federal jurisdiction is challenged." *Id.* (citing *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013). "This rule is not altered even if plaintiffs affirmatively contend in their complaint that damages do not exceed [$5,000,000]." *Id.* (citation omitted).

Plaintiffs' Complaint states in relevant part: "[t]he 'amount in controversy' for the named Plaintiff, including claims for compensatory damages, restitution, penalties, wages, premium pay, and pro

Page 2 of 9

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: CV 15-01361 SJO-KK DATE: September 23, 2015

rata share of attorneys' fees, is less than seventy-five thousand dollars." (Compl. ¶ 1.) Notably, the Complaint does not allege a total amount in controversy as to the entire class, but does allege that "Defendant[] engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees." (Compl. ¶ 25.) To bolster its claim that the amount in controversy exceeds $5,000,000, Defendant submitted declarations of Laurie Reed ("Reed"), Senior Human Resources Manager for Saddle Creek, in support of its Notice and Opposition. (*See* Declaration of Laurie Reed in Supp. of [Notice] ("First Reed Decl.") ¶ 1; Supplemental Declaration of Laurie Reed in Supp. of [Opp'n] ("Second Reed Decl.") ¶ 1.) Plaintiff contends that the declarations are unreliable and insufficient to meet Defendant's burden. The Court agrees.

Reed claims that she "oversaw a detailed analysis of relevant business records." (Second Reed Decl. ¶ 3.) "This analysis included the review of Defendant's available timekeeping, payroll, and time punch data to identify the total number of putative class members employed by Defendant between May 28, 2011 and May 28, 2015." (Second Reed Decl. ¶ 3.) The Second Reed Declaration includes the following employee information:[1]

> 318 persons were employed in California by Defendant between May 28, 2011 and May 28, 2015.
>
> 318 employees worked approximately 29,365 pay periods during this time, including approximately 161,513 shifts.
>
> From May 28, 2011 to May 28, 2015 the employees received a non-weighted average hourly rate of $14.02
>
> The employment of 120 putative class members was terminated during the three years prior to the filing of the Complaint.
>
> 253 employees were employed by Defendants from one year prior to the filing of the Complaint to the present, totaling approximately 10,771 pay periods.

(Second Reed Decl. ¶¶ 4, 5, 6, 7, 8.)[2]

---

[1] There are discrepancies between the First Reed Declaration and the Second Reed Declaration. For example, the First Reed Declaration identifies 322 non-exempt hourly employees, whereas, the Second Reed Declaration identifies 318 employees. (*Compare* First Reed Decl. ¶ 4 *with* Second Reed Decl. ¶ 4.)

[2] Defendant did not provide details on how it arrived at the number of employees or pay periods, nor can the Court infer a basis for its own calculation. For example, Defendant states that 318 employees worked 29,365 pay periods over four years. However, if the

MINUTES FORM 11
CIVIL GEN
Page 3 of 9
__ : __
Initials of Preparer ______

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: CV 15-01361 SJO-KK DATE: September 23, 2015

Defendants use these figures to compute their potential liability for each cause of action and attorneys' fees totaling $5,524,287.55. For each calculation, Defendant assumes that violations occurred for every employee, during every pay period, at least once. (*See generally* Opp'n 5-10.) Violation rates of 100% may not be patently unreasonable in the event that a plaintiff fails to include fact-specific allegations that would result in a violation rate discernibly smaller than 100%. *See Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007). However, a complaint's lack of specificity as to the amount in controversy does not relieve defendant of its burden to establish that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117-18 (C.D. Cal. 2010). A district court cannot base its finding of jurisdiction on a defendant's speculation and conjecture. *Id.* at 1118. Rather, the district court must evaluate the defendant's calculations and assumptions on which they are based, to determine whether they are reasonable in the light of the allegations in the complaint or unduly speculative. *Andersen v. The Schwan Food Company*, 2013 WL 3989562, at *3 (N.D. Cal. 2013).

1. First Cause of Action – Failure to Pay Overtime Wages

Plaintiff alleges that "[d]uring the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours a day, and/or in excess of forty (40) hours in a week" (Compl. ¶ 52) and that Defendant failed to pay Plaintiff and other class members the "unpaid balance" of overtime compensation, (Compl. ¶ 54).

Defendant estimates that the putative class may be entitled to recover the following amount $617,545.95 ($21.03 (time and a half value of average hourly rate of $14.02) x 1 overtime hour per workweek x 29,365 (pay periods/weeks worked)). (Opp'n 5.) Defendant relies on the following assumptions. First, Defendant assumes that every member of the putative class worked the same number (1) of overtime hours per week, rather than more or less than one hour. Second, Defendant assumes that every putative class member is entitled to a full-hour of overtime per week at the rate of $21.03, rather than the balance of overtime wage owed.

Defendant's first assumption is unsubstantiated. Plaintiff alleges that "[d]uring the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours a day, and/or in excess of forty (40) hours in a week." (Compl. ¶ 52.) However, the Complaint does not indicate, nor does Defendant provide evidence, that this was a regular occurrence such that the Court should assume a violation every single pay period for every single employee. Defendant's second assumption is also unreasonable in that it assumes that each class member was not compensated

---

Court assumes that each of the 318 employees worked 52 pay periods per year for all four years, the result is 66,144 pay periods (318 employees x 52 pay periods x 4 years).

MINUTES FORM 11
CIVIL GEN
Page 4 of 9
__ : __
Initials of Preparer ______

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**Priority** ____
**Send** ____
**Enter** ____
**Closed** ____
**JS-5/JS-6** ____
**Scan Only** ____

**CASE NO.: CV 15-01361 SJO-KK** **DATE: September 23, 2015**

for the entire overtime rate rather than the balance of the rate. For instance, if a member of the putative class was paid $14.02 per hour, they would not be owed the entire $21.03; rather, they would be owed $7.01, the difference between the overtime wage and the hourly wage. *See* Cal. Lab. Code § 1194 ("[A]ny employee receiving less than . . . the legal overtime compensation applicable to the employee is entitled to recover . . . the unpaid balance of the full amount of . . . overtime compensation.") The only way a member could be compensated $21.03 is if they earned $14.02 per hour *and* worked a full hour of wholly unpaid overtime. The Defendant has failed to provide evidence that every member of the putative class would be entitled to $21.03 in overtime wages. *See, e.g.*, *Roth* at 1119-20. The Court finds that these assumptions are unduly speculative as they are not based on Plaintiff's Complaint and are unsupported by Defendant's supporting declarations.

2. Second and Third Cause of Actions – Failure to Provide Required Meal Periods and Rest Breaks

Plaintiff alleges that meal and rest period violations occurred when:

> Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period." (Compl. ¶ 61.)
>
> Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period. (Compl. ¶ 62.)
>
> Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked. (Compl. ¶ 71.)

Defendant's estimates that the putative class may be entitled to recover the following amount $1,646,789.20 (14.02 (average regular hourly rate for putative class members x 2 missed meal periods per workweek x 2 missed rest periods per workweek x 29,365 (number of pay periods/weeks worked by the putative class during the applicable four year period)). (*See* Mot. 5-8.) Defendant assumes four (4) violations occurred on separate days of each pay period for every employee, thus doubling the amount of possible recovery. *See Roth* at 1120 ("California Labor Code [section] 226.7 states . . . that if an employer fails to provide an employee a meal period or rest period, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is

MINUTES FORM 11
CIVIL GEN

Page 5 of 9

__ : __
Initials of Preparer ______

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: CV 15-01361 SJO-KK DATE: September 23, 2015

provided, thus, an employee is entitled to an additional hour's wages per day, even if denied both a rest and meal period during that day.") (citation and punctuation omitted).

The Court finds this assumption highly speculative. Plaintiff makes no claim that meal and rest periods were violated every pay period. Nor does Defendant substantiate its claim that meal and rest period violations occurred on separate days without overlap. These assumptions are unsupported by the Complaint and Defendant's supporting declarations.

3. Fourth Cause of Action - Failure to Pay Minimum Wage

Plaintiff alleges that "Defendant[] failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1." (Compl. ¶ 78.) Plaintiff alleges that she and other class members are entitled to recover "the unpaid balance of their minimum wage compensation[;]" "a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages[;]" and "liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." (Compl. ¶¶ 79-81.)

Defendant assumes each class member is entitled to recover one (1) hour of minimum wage pay per week and thus are entitled to recover $528,570 ($9.00 (the minimum wage rate in California) x 1 hour of minimum wage pay x 29,365 (number of pay periods/weeks worked by the putative class during the four year period) x 2 (liquidated damages in the amount equal to the wages unlawfully unpaid)). (Mot. 8-9.) In its calculation, Defendant assumes that it failed to pay proper wages to every class member employee during every pay period of the year. Plaintiff's allegations do not support that conclusion nor does Defendant offer other evidence to support its claim.

4. Fifth Cause of Action – Failure to Pay Wages Due at Termination

Plaintiff alleges that "Defendant[] intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendant[] their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendant[]'s employ." (Compl. ¶ 84.) For recovery, Plaintiff alleges that "Plaintiff and the other class members are entitled to recover from Defendant[] the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203." (Compl. ¶ 87.)

Defendant claims that the putative class members would be entitled to at least $403,776 ($14.02 (average hourly wage for three year period[3]) x 8 hours (estimated 8-hour workday) x 30 days

[3] The statute of limitations for penalties under Labor Code section 203 is three years. *See* Cal. Code Civ. Proc. § 338(a).

MINUTES FORM 11
CIVIL GEN

Page 6 of 9

__ : __
Initials of Preparer ______

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: CV 15-01361 SJO-KK DATE: September 23, 2015

(maximum days of penalty pay) x 120 (number of putative class members terminated during the three year period)). (Mot. 9.) Defendant assumes that each putative class member is entitled to the maximum days of penalty pay and that each day corresponded to an 8-hour workday. These assumptions are not supported in the Complaint. The Complaint does not allege that the putative class members or the class representative worked an 8-hour workday. According to Defendant, 120 putative class members were terminated; however, the declarations submitted were silent as to the applicability of the 8-hour workday to every putative class member. It is plausible that not all members of the putative class worked 8-hour work days. The Court finds that these estimates are speculative.

5. Sixth Cause of Action – Failure to Pay Wages Due at Termination

Both parties are silent as to the amount in controversy regarding Plaintiff's sixth cause of action. (*See* Notice ¶ 29; Compl. ¶¶ 88-93.)

6. Seventh Cause of Action – Failure to Furnish Accurate Itemized Statements

Plaintiffs alleges that "[Plaintiff and other class members] were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements" and thus, are entitled to "the greater of their actual damages caused by Defendant[]'s failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee." (Compl. ¶¶ 98-99.)

Defendant computes its potential liability to be $1,064,450 ([253 initial wage statements x $50] + [10,518 subsequent wage statements x $100]). (Opp'n 9-10.) In calculating potential class claims, Defendant assumes a 100% violation rate (i.e. that they provided every employee with an inaccurate wage statement for every pay period during the limitations period).

As an initial matter, the maximum penalty per employee is not to exceed $4,000. Cal. Labor Code § 226(e)(1) (aggregate penalty not to exceed four thousand dollars ($4,000)). Multiplying the number of putative class members (253), (Second Reed Decl. ¶ 8), by the maximum penalty ($4,000) equals $1,012,000. Defendant has overstated its liability by $52,450. Moreover, Defendant adduces no evidence that would allow the Court to draw the inference that every wage statement was a violation or that each class member was damaged up to the statutory maximum.

7. Eighth Cause of Action – Failure to Keep Payroll Records

The parties do not dispute Defendant's estimate of $126,500 (253 employees x $500 (amount of statutory damages). (*See generally* Mot.; Opp'n 10.)

8. Ninth Cause of Action – Unreimbursed Business Expenses

MINUTES FORM 11
CIVIL GEN
Page 7 of 9
__ : __
Initials of Preparer ______

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: CV 15-01361 SJO-KK DATE: September 23, 2015

Plaintiff alleges that "Plaintiff and the other class members are entitled to recover from Defendant[] their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California." (Compl. ¶ 109.) Defendant assumes that "each one of the 318 class members . . . is owed $100 in business-related expenses," totaling $31,800. Defendant offers no evidence whatsoever to support this number, but merely claims that it is a 'conservative' estimate.

9. Attorney's Fees

Defendant asserts that Plaintiff would likely seek attorneys' fees of at least 25% of $4,419,431.15 or approximately $1,104,857.79. Although Defendant correctly assumes that a 25% recovery for attorneys' fees is common in this type of class action case, and that those fees are properly included in calculations of the amount in controversy, Defendant has not established by a preponderance of the evidence that the underlying amount upon which those fees would be based is reasonable. *See Garibay v. Archstone Communities LLC*, 539 Fed.Appx. 763, 764 (9th Cir. 2013).

10. Other Issues with Defendant's Amount in Controversy Calculations

A notable issue with Defendant's estimations is that Defendant inflates its potential liability by applying a four-year class period to Plaintiff's first, second, third, and fourth causes of actions related to claims for wages. "The California Supreme Court has held that '[a] three-year statute of limitations applies to [claims for wages] (Cal.Code Civ. Proc. § 338(a) ('An action upon a liability created by statute, other than a penalty or forfeiture'), while a one-year statute of limitations governs claims for penalties (Code Civ. Proc. § 340(a)) ('An action upon a statute for a penalty or forfeiture').' *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094, 1102, 1120, 56 Cal. Rptr. 3d 880, 155 P.3d 284 (2007) (affirming use of a three-year statute of limitations for claims under California Labor Code [section] 226.7 for missed meal/rest periods); see also *Gentry v. Super. Ct.*, 42 Cal.4th 443, 470–71, 6 Cal. Rptr. 3d 773, 165 P.3d 556 (2007) (noting that generally California Code of Civil Procedure [section] 338's three-year statute of limitations applies to claims for overtime wages)." *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1118 n. 50 (C.D. Cal. 2010).

Accordingly, a three-year statute of limitations applies to Plaintiff's first, second, third, and fourth causes of actions because they are claims relating to overtime wages, meal and rest period violations. However, Defendant's calculations assume a class period of four years, May 28, 2011 through May 28, 2015. (Notice ¶ 14; *see also* First Reed Decl. ¶ 4; Second Reed Decl. ¶ 3.) The

MINUTES FORM 11
CIVIL GEN
Page 8 of 9
__ : __
Initials of Preparer ______

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.: CV 15-01361 SJO-KK** **DATE: September 23, 2015**

four year class period potentially overstates the class size and the number of pay periods, thus, the potential damages is inflated by at least a quarter.[4]

Moreover, in the Second Reed Declaration, there is no indication that the 318 employees are members of the purported class of "current and former hourly-paid or non-exempt employees." (*Compare* Second Reed Decl. ¶ 4 *with* Compl. ¶ 13.) The Second Reed Declaration is extremely general in that it states, "approximately 318 persons were employed by Defendant between May 28, 2011 and May 28, 2015." (Compl. ¶ 4.) It makes no distinction between employees and purported class members. Nor does Defendant submit any evidence to establish why all of Defendant's employees should count as members of the purported class. Indeed, Defendant's allegations make no distinction between any of its employees with its sweeping statement that "318 persons were employed by Defendant." (Second Reed Decl. ¶ 4.)

## III. CONCLUSION

For the reasons stated above, Defendant has not established by a preponderance of the evidence that the amount in controversy requirement of CAFA is met. The Court concludes that it lacks subject matter jurisdiction over this action. Accordingly, Plaintiff's Motion is **GRANTED and the Court directs the clerk to remand the action to San Bernadino Superior Court forthwith**.

IT IS SO ORDERED

[4] The 25% overestimate was calculated by the fact that Defendant's calculations assume a period of four years, whereas the accurate statute of limitations is a period of three years. Therefore, the 25%, or quarter, overestimate is deduced from the extra year included in the Defendant's class period.

MINUTES FORM 11
CIVIL GEN

Page 9 of 9

___ : ___
Initials of Preparer ______